**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOBOKULOV AKMAL,<br>A-226-010-796<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | No. 1:26-CV-03918-DC-ICD (HC)<br><br><u>ORDER</u> |

Petitioner, an immigration detainee proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention. ECF No. 1. Respondent moves to dismiss and offers the motion as his response to the petition. ECF Nos. 8, 9. Petitioner moves for release, ECF No. 11, and Respondent opposes, ECF No. 12. Petitioner also moves for administrative relief, asking the Court to shorten time, expedite consideration of the petition, order his release, bar his removal or transfer, and appoint counsel. ECF No. 14. The District Judge has referred this matter to the undersigned under 28 U.S.C. § 636(b)(1) and Local Rule 302. ECF No. 5.

Petitioner has been in immigration detention for more than 30 months. He has no criminal history. More than six months have passed since an immigration judge denied him bond, and the Ninth Circuit has stayed his removal while it considers his petition for review. Liberally construed, his filings raise a substantial question whether his continued detention has become excessive in relation to its purposes and whether supervised release would adequately secure his appearance. Because that question is complex and the record on it is undeveloped, the Court will appoint counsel, order supplemental briefing on an expedited schedule, and defer ruling on the pending motions until that briefing is complete.

## I. BACKGROUND

Petitioner, a citizen of Tajikistan, was apprehended near the border on April 26, 2024, shortly after entering the United States without inspection, and has been detained ever since. ECF No. 9, pp. 4, 17-18, 29. He has no criminal history. *Id.* at 17-18. An immigration judge ("IJ") ordered him removed in December 2024, and the Board of Immigration Appeals ("BIA") dismissed his appeal on June 6, 2025. Id. at 12-15, 25-27. Petitioner then petitioned the Ninth Circuit for review, *Bobokulov v. Blanche*, No. 25-4159, and the Ninth Circuit has stayed his removal pending its decision. *See id.* Docket No. 10; *see also* ECF No. 8, pp. 1-2.

In Petitioner's first habeas case, the Court found that his detention had become unreasonably prolonged and ordered a bond hearing at which the government bore the burden of proving by clear and convincing evidence that he is a flight risk or a danger to the community. *Akmal v. Warden of California City Detention*, No. 1:25-cv-01921-DC-DMC, ECF Nos. 14, 16 (E.D. Cal.) ("Akmal I"); ECF No. 9, pp. 32-49. On April 6, 2026, an IJ held that hearing and denied release, finding Petitioner a flight risk that no bond or conditions would mitigate. ECF No. 9, p. 29. The IJ did not find him dangerous. *Id.* Petitioner did not appeal the decision to the BIA. ECF No. 8, p. 3.

In this action, Petitioner contends that his prolonged detention violates due process; that he is not a flight risk because a U.S. citizen relative will sponsor him; and that his physical and mental health has declined in detention, which he describes as the same as prison. ECF No. 1, pp. 6-8. He states that he will accept any form of monitoring. *Id.* at 7. Respondent argues that the petition is successive, that any challenge to the bond decision is unexhausted, that Petitioner is not entitled to a second bond hearing, and that his medical and conditions allegations are not cognizable in habeas. ECF No. 8, pp. 2-5. Respondent does not address whether Petitioner's continued detention violates substantive due process, or whether alternatives to detention, such as ICE's Intensive Supervision Appearance Program ("ISAP"), would secure his appearance.

## II. APPOINTMENT OF COUNSEL

There is no constitutional right to counsel in habeas proceedings, but the Court may appoint counsel for a financially eligible person seeking relief under § 2241 when "the interests of

justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). In making that decision, the Court considers the likelihood of success on the merits and the petitioner's ability to articulate his claims pro se in light of the complexity of the legal issues. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Petitioner is proceeding in forma pauperis, ECF No. 4, and is financially eligible.

The interests of justice require appointment here. Civil detention must bear "some reasonable relation to the purpose for which the individual is committed." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). Detention that "appears excessive in relation to its regulatory purpose" violates substantive due process, *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021), and courts in this District have recognized such claims by immigration detainees. *See Doe v. Chestnut*, No. 1:24-cv-00943-EPG (HC), ECF No. 24, p. 36 (E.D. Cal. Nov. 20, 2025). Petitioner's filings, liberally construed, raise that claim. ECF No. 1, pp. 6-8; ECF No. 11, pp. 1-2; ECF No. 14, pp. 2-3; *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). And the claim has substance. Petitioner has been detained for more than 30 months without any finding that he is dangerous, more than six months have passed since his bond hearing, his removal is stayed, and he says he will accept supervision.

The claim also raises questions that a detained pro se litigant is poorly positioned to develop. They include how the stay of removal affects the statutory basis for Petitioner's detention, *see Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008); how a substantive due process claim relates to the procedural framework upheld in *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022); whether exhaustion is required; and what evidence bears on Petitioner's risk of flight, his ties to this country, the conditions of his confinement, and the adequacy of supervised release. Petitioner has asked for an interpreter, and he states that he never heard from the counsel appointed for him in Akmal I. ECF No. 14, p. 1. The Court therefore will grant his request for counsel. The Court expresses no view on the merits.

**III. ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for appointment of counsel, ECF No. 14, is GRANTED. The

Federal Defender is appointed to represent Petitioner.

2. The Clerk of the Court shall serve a copy of this order, together with the petition and ECF Nos. 8, 9, 11, 12, and 14, on the Federal Defender, Attention: Habeas Appointment.
3. Within **7 days** of the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to the undersigned's courtroom deputy, Jodi Palmer, at jpalmer@caed.uscourts.gov, and counsel will be added as counsel for Petitioner. If counsel is not a member of this District's Criminal Justice Act Panel, the Federal Defender shall, within the same 7 days, file a motion to appoint counsel as CJA counsel pro hac vice.
4. Within 7 days after being added to the docket, Petitioner's counsel shall contact Petitioner, with the assistance of an interpreter if needed.
5. Petitioner's request for interpreter funds, ECF No. 14, is GRANTED to the extent that appointed counsel may request interpreter services under 18 U.S.C. § 3006A(e)(1).
6. Petitioner's request to shorten time and expedite consideration of the petition, ECF No. 14, is GRANTED to the extent that this order sets an expedited briefing schedule.
7. Within 21 days after counsel is added to the docket, Petitioner shall file either an amended petition or a supplemental brief in support of the petition and in opposition to the motion to dismiss. The filing shall address:
   a. whether Petitioner's continued detention violates substantive due process, including under the factors identified in *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1080 (N.D. Cal. 2024);
   b. whether release under ISAP or other conditions of supervision would reasonably secure Petitioner's appearance;
   c. the statutory authority for Petitioner's detention while his removal is stayed;
   d. exhaustion; and
   e. the appropriate remedy.
8. Within 14 days after service of Petitioner's filing, Respondent shall file a response

addressing the same issues. Respondent may also supplement or withdraw the motion to dismiss.

9. Petitioner may file a reply within 7 days after service of Respondent's response. Unless the Court orders otherwise, the matter will then stand submitted on the papers.

Dated: November 9, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE